UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROGER LEE OZIER,

       Plaintiff,                     Case No. 1:08-cv-1203

v.                                    Honorable Gordon J. Quist

MARY BERGHUIS et al.,

       Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

## Discussion

    I.      Factual allegations

Plaintiff is presently incarcerated at the Earnest C. Brooks Correctional Facility (LRF). In his *pro se* complaint, Plaintiff sues Warden Mary Berghuis, Deputy Warden Rick Smith,

Assistant Deputy Warden Mark Sutherby and Resident Unit Manager Roger Smead for violating his Eighth Amendment rights by exposing him to "high levels of Environmental Tobacco Smoke (ETS)," or secondhand smoke, which pose "incalculable adverse effects on his current and future health." (Compl. at 1, docket #1.)

In order to avoid ETS, Plaintiff requested immediate placement in non-smoking areas of LRF. (*Id.*) Plaintiff alleges that Defendants have ignored his complaints, refused to take any corrective action to protect him from ETS, and refused to designate a non-smoking area "where (ETS) is not emitted into the shared air space." (*Id.* at 1-2.) Plaintiff argues that Defendants are aware other prisoners smoke within shared air space. (*Id.* at 3.) "No separate ventilation or barriers are/were in place to protect Plaintiff's immediate and future health from ETS." (*Id.*) Plaintiff claims that he has suffered adverse effect to his health due to his exposure to ETS. (*Id.* at 1.)

Plaintiff requests injunctive and declaratory relief and monetary damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The standard requires that a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 127 S. Ct. at 1965; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not accept as true legal conclusions or unwarranted factual inferences). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."

*Twombly*, 127 S. Ct. at 1974; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff alleges an Eighth Amendment claim against Defendants based on his exposure to high levels of ETS, which poses an unreasonable risk of serious damage to his current and future health. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment also obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). A prison official violates the Eighth Amendment when he or she is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

*Helling v. McKinney,* 509 U.S. 25 (1993) is the seminal United States Supreme Court case in this area. In *Helling*, a prisoner initiated a § 1983 action against prison officials claiming that his involuntary exposure to ETS from a cellmate[1] posed an unreasonable risk of serious damage to his future health in violation of the Eighth Amendment. *Helling*, 509 U.S. at 35. The Supreme Court affirmed the decision of the Court of Appeals to remand the case to the district court to allow

---

[1] The cellmate in *Helling* smoked five packs of cigarettes a day. *Helling,* 509 U.S. at 35.

the prisoner an opportunity to prove his case, which also required the prisoner to prove both the subjective and objective elements necessary for an Eighth Amendment violation. *Id*. Relevant to the objective element is whether the prisoner endured unreasonably high exposure to ETS that society would consider violative of contemporary standards of decency. *Id.* at 35-36. Relevant to the subjective element is whether prison officials had exhibited deliberate indifference with regard to the dangers of a prisoner's exposure to ETS. *Id*. at 36.

Plaintiff fails to satisfy the objective component for an Eighth Amendment violation. To prove the objective element, the prisoner must first show that he has been exposed to unreasonably high levels of ETS.[2] *Id.* at 35. "More than mere scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will be caused by exposure to ETS" is necessary to establish the objective component. *Id.* at 36. Second, "the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id.* Plaintiff alleges that he has been exposed to high levels of ETS, which was routinely discharged from other smoking prisoners. (Compl. at 1.) Nevertheless, Plaintiff failed to allege any facts quantifying his level of exposure to ETS. Plaintiff's conclusory allegations regarding the level of ETS to which he was exposed fail to support the objective component of an Eighth Amendment claim. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000).

---

[2]"Plainly relevant to this determination" was the fact that the plaintiff in *Helling* had been moved to a different prison and was "no longer the cellmate of a five-pack-a-day smoker." *Helling,* 509 U.S. at 35. The Supreme Court also observed that the prison had adopted a formal smoking policy restricting smoking to certain areas and where wardens could, contingent on space availability, designate non-smoking areas in dormitory sections. *Id.* at 35-36. The Supreme Court noted that the changed policies could make it impossible for the plaintiff to prove that he would be exposed to an unreasonable risk of ETS with respect to his future health. *Id.* at 36.

The Supreme Court in *Helling* did not mandate smoke-free prisons. *Williams v. Howes,* No. 1:05-cv-817, 2007 WL 1032365, at *14 (W.D. Mich. Mar. 30, 2007) (citing *Scott v. Dist. of Columbia*, 139 F.3d 940, 942 (D.C. Cir. 1998) and *Mansoori v. Lappin,* No. 04-3241-JAR, 2007 WL 401290, at *10 (D. Kan. Feb. 1, 2007)). A prisoner's exposure to smoke must cause more than mere discomfort or inconvenience. *Talal v. White,* 403 F.3d 423, 426 (6th Cir. 2005). Plaintiff alleges that he suffers from "adverse effects to his current and future health" due to his exposure to ETS during his last four years of incarceration. (Compl. at 1, 3.) Plaintiff's allegations, however, do not suggest that his exposure to ETS caused him anything beyond discomfort. Nor does he allege any serious medical problem related to his ETS exposure such as asthma or allergies. *See Oliver v. Deen*, 77 F.3d 156, 159-61 (7th Cir. 1996) (an asthmatic inmate's assignment to cells with smoking inmates for 133 days resulting in ETS exposure which aggravated the plaintiff's asthma and necessitated his increased use of an inhaler failed to satisfy the objective component); *Williams,* 2007 WL 1032365, at *15 (asthmatic inmate's exposure to ETS during a seven-month period failed to satisfy the objective component).

It is also obvious from the case law in this area that the risk of which Plaintiff complains *is* one that today's society chooses to tolerate. *See Griffin v. DeRosa*, 153 F. App'x 851, 853 (3d Cir. 2005) (a prisoner's allegation that he had been exposed to ETS in inadequately ventilated restrooms over twenty months failed to show that the prisoner was exposed to unreasonably high levels of ETS contrary to contemporary standards of decency); *Hankins v. Bethea*, No. CIVA 0:05-3334 DCNBM, 2007 WL 172509, at *6 (D.S.C. Jan. 18, 2007) ("[e]xposure to moderate levels of cigarette smoke is a common fact of contemporary life, and [p]laintiff has failed to present evidence to show that the amount of ETS he was exposed to during the relatively short [5-month] period of time set forth in his [c]omplaint was at such an unreasonably high level that it violated contemporary standards of decency"); *Colon v. Sawyer*, No. 9:03-CV-1018

LEK/DEP, 2006 WL 721763, at *9 (N.D.N.Y. Mar. 20, 2006) (asthmatic plaintiff's claim that "he [was] housed in a dormitory unit where smoking [was] permitted, and that he [was] subjected to ETS near the dining hall entrance and exit, as well as his speculation that such circumstances 'may result in catastrophic harm to [him],' . . ., simply [did] not describe conditions that rise to a level which today's society chooses not to tolerate"); *see also Conyers v. Mich. Dep't of Corr.*, No. 5:06-cv-100, 2006 WL 2644990, at *6 (W.D. Mich. Sept. 14, 2006). Therefore, Plaintiff's allegations fail to satisfy the objective element for an Eighth Amendment claim.

Plaintiff further fails to meet the subjective element of the *Helling* test, i.e., that Defendants were deliberately indifferent to Plaintiff's exposure to unreasonably high levels of ETS. LRF prison officials had appropriate policies in place. Policy Directive 01.03.140 states that smoking is prohibited in prisoner housing units. *See* MICH. DEP'T OF CORR., Policy Directive 01.03.140, ¶ B (effective Apr. 24, 2006). The adoption of the MDOC's no-smoking policy and the prison officials' current attitude and conduct, which reflect a "zero tolerance" for smoking in the housing units, bears heavily on the deliberate indifference inquiry.[3] *See Helling*, 509 U.S. at 36. Plaintiff complains that Defendants do not enforce the smoking policy in common living areas. (Compl. at 3.) It is well established that imperfect enforcement of a non-smoking policy does not rise to the level of deliberate indifference. *Talal*, 403 F.3d at 427; *Wilson v. Hofbauer*, 113 F. App'x 651, 652 (6th Cir. 2004) (imperfect enforcement of MDOC Policy Directive 01.03.140, which prohibited smoking in all occupied buildings, including housing units, "show[ed], at most, negligence by the defendants, rather than deliberate indifference"); *Moorer v. Price*, 83 F. App'x 770, 773 (6th Cir. 2003) (imperfect enforcement of MDOC Policy Directive 01.03.140 does not

---

[3]The Court notes that the Michigan Department of Corrections (MDOC) recently updated Policy Directive 01.03.140 on February 1, 2009. The new policy prohibits smoking by offenders and MDOC employees inside all MDOC buildings and within 100 feet of any entrance to those buildings. MICH. DEP'T. OF CORR., Policy Directive, ¶ G (effective Feb. 1, 2009).

equate to deliberate indifference). Accordingly, Plaintiff's allegations fail to state an Eighth Amendment claim.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  June 1, 2009                          /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE